IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WILBERTO ESTEVEZ-DE LA CRUZ,**<br>      Petitioner,<br><br>      v.<br><br>**UNITED STATES OF AMERICA,**<br>      Respondent. | **CIVIL NO. 16-2358(DRD)**<br>**RELATED CRIM. 13-865(DRD)** |

## **OPINION & ORDER**

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. The Government's Response (D.E. 6). After careful consideration of the documents filed, the Court Denies the Habeas request.

## **I. BACKGROUND**

On December 11, 2016, Wilberto Estevez-De La Cruz (hereinafter "Estevez" or "Petitioner"), entered a straight plea to the Indictment which charged him with drug trafficking offenses (Crim. No. 13-3865, C.D.E. 63)[2].

On April 24, 2015, Petitioner's Sentencing Hearing was held (C.D.E. 79). At said hearing both the United States and Estevez requested that the Court impose a sentence of sixty (60) months, the statutory minimum, (SHT at p. 4). The Court accepted the parties recommendation after reviewing the pre-sentence report and proceeded to impose a sentence of sixty (60) months of incarceration, a term of

---

[1] D.E. is an abbreviation of docket entry number.

[2] C.D.E. is an abbreviation for criminal docket entry number.

Supervised Release of four (4) years and a Special Monetary assessment of one hundred (100) dollars, (C.D.E. 79). Judgment was entered on April 28, 2015, (C.D.E. 80).

Estevez although advised of his right to appeal, (C.D.E. 79), did not file an appeal, thus his conviction became final fourteen (14) days after April 28, 2015, that is May 12, 2015; pursuant to Rule 4(b)(1)(A)(I) of the Federal Rules of Appellate Procedure.

Petitioner had one (1) year from May 12, 2015, to file a timely Petition for relief pursuant to Title 28, United States Code, Section 2255.

On July 8, 2016, Estevez signed and attested that on said date he delivered his 2255 petition to the prison mailing system (D.E. 1 at p. 7).

For reasons set forth in this opinion the Court finds Estevez's petition untimely and orders Dismissal with Prejudice as to the Habeas Corpus under section 2255.

**II. DISCUSSION**

**A. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

"When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking review expires." Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir.2008). "For purposes of section 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir.2005).

Estevez did not appeal his conviction nor his sentence; pursuant to the version of the rule that were applicable at the time of Petitioner's conviction was entered, Petitioner had fourteen (14) days after the judgment was entered to file an appeal. See Fed.R.App.P. 4(b)(1)(a)(I).

In this case Judgment was entered on April 28, 2015, (C.D.E. 80), therefore Petitioner had until May 12, 2015, to file his timely appeal or his conviction would become final. Estevez did not file an appeal hence his conviction became final on May 12, 2015. The one year statute of limitations for a timely filing of a 2255 Petition expired on May 12, 2016. Petitioner signed and delivered to the prison mail his petition for relief on July 8, 2016, (D.E. 1), that is over fifty (50) days after the statute of limitations expired. Thus Petitioner's claim is untimely and subject to dismissal. **Therefore, having established that Estevez's claim is untimely the same is summarily dismissed.**

Civil No. 16-2358(DRD)                                                  Page 4

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **WILBERTO ESTEVEZ-DE LA CRUZ,** is not entitled to federal habeas relief on the claim presented as the same is time barred.  Accordingly, it is ordered that Petitioner **WILBERTO ESTEVEZ-DE LA CRUZ's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of November 2016.

                                        s/Daniel R. Dominguez
                                        **DANIEL R. DOMINGUEZ**
                                        **UNITED STATES DISTRICT JUDGE**